Fremont-Smith, Thayer, J.
Cambridge Hospital, whose correct name is Cambridge Public Health Commission, d/b/a Cambridge Health Alliance, moves to dismiss the complaint against it for medical malpractice because there was admittedly no presentment made upon it, as is required by M.G.L.c. 258, §4 as a prerequisite to bringing suit for tort against a public employer.
Plaintiff contends that there is an issue of material fact as to whether the defendant is a public employer, citing Karszman v. Boston Water and Sewer Commission, 18 Mass.App.Ct. 51 (1984). There, the Court, in holding that the Boston Water and Sewer Commission was not a public employer subject to c. 258, stated that, “absent plain statutory direction, it devolves on the courts to decide on a case by case basis whether a particular body politic and corporate should be treated as ‘more public than private.’ ” Here, however, Chapter 147 of the Acts of 1995, which established the Cambridge Public Health Commission, contained “plain statutory direction” that it was a public employer for purposes of being sued for tort. G.L.c. 147, §8(a)(ii) specifically provides that the Commission may “be liable in tort as a public employer as defined in section one of chapter two hundred and fifty-eight of the General Laws.
While plaintiffs counsel ably argued that there is a dispute of material fact on this issue based on the factors a court is to consider in the absence of any “plain statutory direction,” here the statutory direction could not be more plain.
ORDER
Accordingly, Cambridge Public Health Commission’s (misnamed in the complaint as “Cambridge Hospital”) motion to dismiss is ALLOWED.